Marvin Gelfand, State Bar No. 53586
Brittany J. Shugart, State Bar No. 293228
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
Law Corporation
10250 Constellation Boulevard, Suite 2900
Los Angeles, California 90067
Telephone: (310) 858-7888
Facsimile: (310) 551-7191

Attorneys for Plaintiff Aether, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AETHER, LLC, a California Limited Liability Company | Civil Action No.: 2:16-CV-02751 |
| Plaintiff, | **COMPLAINT** |
| - against - | **Jury Trial Demanded** |
| SARA MOTE, an individual, and THE MOTE AGENCY, an unregistered fictitious business name owned and controlled by Sara Mote, | |
| Defendants. | |

Plaintiff, Aether, LLC ("Aether"), by its attorneys, Weintraub Tobin Chediak Coleman Grodin, a Law Corporation, as and for its Complaint against Defendants, Sara Mote and The Mote Agency, alleges as follows:

### NATURE OF ACTION

1.      This is an action in law and in equity for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for related claims of trademark infringement, unfair competition,

{00045411.DOC;2}

dilution, injury to business reputation and deceptive trade practices under the laws of the State of California.

## PARTIES

2.     Plaintiff Aether, LLC is a California limited liability company with its principal place of business at 6100 Melrose Avenue, California.

3.     Upon information and belief, Defendant Sara Mote ("Mote") is a California resident, with a principal place of business at 311 Market Street, Venice, California.

4.     Upon information and belief, Defendant The Mote Agency, is an unregistered fictitious business name owned and controlled by Defendant Sara Mote, with its principal place of business at at 311 Market Street, Venice, California.

## JURISDICTION & VENUE

5.     The Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

6.     The Court has personal jurisdiction over Defendants by virtue of the fact that, upon information and belief, (a) Defendant Sara Mote resides in the State of California; (b) Defendants are doing business in the State; (c) have transacted business within the State of California; (d) have infringed Plaintiff's trademarks within the State and (e) have infringed Plaintiff's trademarks without the State causing injury to Plaintiff's property within the State.

7.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendant Sara Mote resides in the Central District of California and Defendants do business in, have substantial contacts with and/or may be found in the Central District of California, and a substantial portion of the events at issue have arisen and will arise in this judicial district. Furthermore, Defendants, upon information and belief, regularly conduct business in the State of California through their commerce-related interactive Web Sites located on the World Wide Web at Aetherbeauty.co and mote.agency.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff Aether, LLC is a leading clothing company.

9.     Aether is the owner of numerous U.S. Trademark Registrations for the AETHER trademark. The first AETHER trademark registration dates back to 2010. For purposes of this action,  Aether owns three federal Trademark Registrations covering apparel, as follows:

> (a)     U.S. Trademark Registration No. 3723747 for the trademark AETHER for Ski jackets; Parkas; Jackets; Sweat shirts; T-shirts; Polo shirts; Shirts; Rain jackets in Int'l Class 25 on the Principal Register. (A copy of the trademark registration certificate is attached hereto at Exhibit "A"). Said registration issued in 2009 and has become incontestable.

> (b)     U.S. Trademark Registration No. 3819754 for the trademark AETHER for shorts and swimwear in Int'l Class 25 on the Principal Register. (A copy of the trademark registration certificate is attached hereto at Exhibit "B"). Said registration issued in 2010 and has become incontestable.

> (c)     U.S. Trademark Registration No. 4190890 for the trademark AETHER for Ski pants; Ski trousers; Ski wear; Pants; Snowboard pants in Int'l Class 25 on the Principal Register. (A copy of the trademark registration certificate is attached hereto at Exhibit "C"). Said registration issued in 2012.

These trademarks are hereinafter referred to collectively as the "Aether Trademarks."

10.     The Aether Trademarks are inherently distinctive to the public and the trade with respect to clothing. The Aether Trademarks serve primarily as designators of origin of products and services emanating from or sponsored by Plaintiff.

11.     A strong association exists between Plaintiff's AETHER Trademarks and clothing. Aether has deliberately and consistently reinforced such association as follows: (a) Since 2009,  Plaintiff has spent substantial amounts of money on national advertising campaigns using the AETHER Trademarks; and (b) The AETHER Trademarks are prominently featured on all of Plaintiff's clothing and on its stores and website.

12.     Since the inception of their use, the Aether Trademarks have been used by Plaintiff only in connection with the finest clothing. The quality of Plaintiff's clothing has been recognized as follows:

(a) An article entitled "Urban wilds or great outdoors, Aether aims to be out and about" by Booth Moore appeared in the Los Angeles Times on December 14, 2015 (A copy of the article is attached hereto at Exhibit "D");

(b) An article entitled "A High Five and a Handshake for Aether and Icebreaker" written by Jon Caraminca appeared in The New York Times on November 13, 2013 (A copy of the article is attached hereto at Exhibit "E");

(c) An article entitled "Your Parka Makes You Look Like the Michelin Man: Here's How to Upgrade It" written by Alessandra Codinha appeared in Vogue on January 13, 2015 (A copy of the article is attached hereto at Exhibit "F");

(d) An article entitled "In the Field with Aether Apparel" written by Hans Aschim appeared in Cool Hunting on January 7, 2015 (A copy of the article is attached hereto at Exhibit "G");

(e) An article entitled "Aether is the New Black" written by Armin appeared on Brand New on July 20, 2009 (A copy of the article is attached hereto at Exhibit "H");

(f) An article entitled "Above the Clouds" written by Benjamin Clymer appeared in Life and Times on April 5, 2011 (A copy of the article is attached hereto at Exhibit "I");

(g) Aether has also appeared in many other articles and is well known for its clothing and apparel.  Aether clothing also carries a lifetime guarantee.

13.     In addition, Aether has made extensive use of the Aether Trademarks in connection with the Internet since 2008.  Plaintiff uses its Aether Trademarks on its Internet web site at www.aetherapparel.com and Plaintiff has owned the domain name "aetherapparel.com" since 2008. (A true and correct printout from GoDaddy.com demonstrating Plaintiff's ownership of "aetherapparel.com" is attached hereto as Exhibit

1   "J" and incorporated herein by reference.)

2        14.     Aether also owns and operates four retail stores which are located in New

3   York, Los Angeles, San Francisco and Aspen.

4        15.     Aether has also collaborated with the premium eyewear company SALT to

5   create sunglasses and has appeared in many articles regarding this collaboration.  (True

6   and correct printouts are attached hereto as Exhibit "K" and incorporated herein by

7   reference.)

8        16.     As a result of the widespread promotion, marketing, advertising, use and

9   display of the Aether Trademarks over the past seven years, (a) the public and the trade

10   have come to recognize that the marks refer to high quality clothing emanating from a

11   single source of origin, and (b) said marks have gained secondary meaning and extensive

12   goodwill.

13            **Defendants' Acts of Infringement, False Designation of**

14            **Origin, Unfair Competition, Dilution, Injury to**

15            **Business Reputation and Deceptive Trade Practices**

16        17.     In or about January 20, 2016, Plaintiff became aware that Defendants

17   intended to adopt and commence use of the name "Aether" in connection with an Aether

18   name on aetherbeauty.com in the same basic industry as clothing and fashion.

19        18.     Defendants' "Aether" name is identical to Plaintiff's "Aether" trademark and

20   is confusingly similar to Plaintiff's registered Aether Trademarks.

21        19.     The parties' products are sold in the same channels of trade to the same class

22   of purchasers.

23        20.     Upon information and belief, Defendants maintain an Internet web site at the

24   URL "www.aetherbeauty.co", at which the designation "Aether" is featured. This web site

25   is accessible to residents of California and this District. (A true and correct print out is

26   attached to this Complaint as Exhibit "L" and incorporated herein by reference.)

27        21. Upon information and belief, Defendant The Mote Agency has registered the

28   URL "mote.agency", which resolves to its www.aetherbeauty.co" Internet web site. (A

1 true and correct print out is attached to this Complaint as Exhibit "M" and incorporated
2 herein by reference.)

3       22.    Defendants' domain names are confusingly similar to Plaintiff's "Aether"
4 trademark and Plaintiff's other registered and unregistered Aether Trademarks.

5       23.    Defendants' aforementioned acts are intended to, and are likely to, blur and
6 erode the distinctiveness of the Aether trademark and tarnish the reputation of Plaintiff and
7 its famous Aether mark and its products and services.  Many beauty and clothing products
8 are similar and interchangeable products.  Fashion brands often expand their product lines
9 into beauty and fragrance lines under the same brand name.

10      24.    Defendants' aforementioned acts, have caused, and will continue to cause
11 irreparable harm to Plaintiff and its Aether mark, and to the business and substantial
12 goodwill represented thereby, and said acts and damage will continue unless restrained by
13 this Court.

14      25.    As a result of the closeness of the intended use of the marks, on or about
15 February 9, 2016, Plaintiff's counsel sent a cease and desist letter to Defendant Sara Mote,
16 in which Plaintiff demanded, *inter alia*, that Defendant Sara Mote cease all use of the
17 "Aether" mark, or any other mark containing or comprising the term "Aether", take
18 immediate steps to delete the use of the Aether name and logo from any trade listings,
19 advertising, promotional material, websites, and blogs; cease use of the Aetherbeauty.co
20 domain name and surrender and assign all rights and interest in the domain name and its
21 registration to Plaintiff.  (A true and correct copy of the Cease and Desist letter is attached
22 to this Complaint as Exhibit "N" and incorporated herein by reference.)

23      26.    Despite Defendant Sara Mote's actual knowledge of Plaintiff's prior and
24 superior trademark rights, as well as Plaintiff's clear and unambiguous objections to such
25 infringing activities, upon information and belief, Defendant Sara Mote has continued
26 using the mark AETHER.

27      27.    Upon information and belief, at the time Defendants acted as aforesaid, they
28 had knowledge that:

{00045411.DOC;2}                              6

(a) Plaintiff owned trademark rights in the Aether Trademarks; and

(b) the owner of trademark rights in the Aether Trademarks had not authorized their use on or in connection with Defendants' Aether logo.

28.     Upon information and belief, even after receiving Plaintiff's cease and desist letters, Defendants have continued to use the designation "Aether" as the name of a Aether logo and in connection with the products under this logo, as alleged more fully above.

29.     Upon information and belief, Defendants are continuing and intend to continue to use the designation "Aether" as the name of an Aether logo and in connection with the skincare products produced under this logo.

30.     Upon information and belief, Defendants continue in their course of infringing conduct with full knowledge that:

(a) Plaintiff owns trademark rights in the Aether Trademarks;

(b) the owner of trademark rights in the Aether Trademarks has not authorized their use on or in connection with Defendants' Aether logo; and

(c) Defendants' conduct has or will cause confusion.

31.     Defendants' aforementioned acts are willful and intentional.

<u>**First Cause of Action**</u>

<u>**FEDERAL TRADEMARK INFRINGEMENT**</u>

32.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 31 as though fully set forth herein.

33.     Defendant's aforementioned acts constitute willful infringement of Plaintiff's trademark for Aether in violation of the Lanham Act, Section 32(1), 15 U.S.C. § 1114(1).

34.     By such wrongful acts Defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's Aether mark, including diversion of customers, lost sales and lost profits.

/ / /

/ / /

## Second Cause of Action

### FALSE DESIGNATION OF ORIGIN

35.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 31 and 32 through 34 as though fully set forth herein.

36.     Defendant's aforementioned acts constitute false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

37.     By such wrongful acts, Defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's Aether mark, including diversion of customers, lost sales and lost profits.

38.     Plaintiff has no adequate remedy at law.

### Third Cause of Action

### TRADEMARK DILUTION

39.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31, 32 through 34 and 35 through 38 as though fully set forth herein.

40.     Plaintiff's federally registered trademark for Aether is a famous mark and had become famous prior to Defendants' first use of the Internet domain name and mark in conjunction with its tradename and goods and services offered to the public as alleged.

41.     Plaintiff's federally registered trademark for Aether is inherently distinctive to the public and the trade with respect to its goods and services.

42.     By such wrongful acts, defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous Aether mark by diluting and blurring its distinctive quality.

43.     Defendants' aforementioned acts constitute willful dilution of Plaintiff's federally registered trademark for Aether in violation of the Federal Trademark Dilution Act, codified at Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

{00045411.DOC;2}                                    8

44. Plaintiff has no adequate remedy at law.

**Fourth Cause of Action**

**CYBERSQUATTING**

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31, 32 through 34, 35 through 38, and 39 through 44 as though fully set forth herein.

46.     Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name Aetherbeauty.co by creating an association with Plaintiff's famous Aether  trademark as to source or sponsorship.

47.     The second-level domain name portion of the Aetherbeauty.co Internet domain name is confusingly similar to, and dilutes the distinctive quality of, Plaintiff's famous Aether  trademark.

48.     Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1115(d).

**Fifth Cause of Action**

**COMMON LAW UNFAIR COMPETITION**

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31, 32 through 34, 35 through 38, 39 through 44, and 45 through 48 as though fully set forth herein.

50. Defendants' aforementioned acts constitute unfair competition under the common law.

51. Plaintiff has been damaged by Defendants' aforementioned acts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Sixth Cause of Action**

**CALIFORNIA UNFAIR COMPETITION**

**(Business and Professional Code § 17200)**

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31, 32 through 34, 35 through 38, 39 through 44, 45 through 48 and 49 through 51 as though fully set forth herein.

53.     Defendants have engaged in unlawful, unfair and/or fraudulent business practices within the meaning of California's Unfair Competition Law, Business and Professions Code section 17200, et seq., by his unauthorized and improper use of the Domains and the Infringing Mark, all to the detriment of Plaintiff.

54.     Plaintiff asserts this claim for relief as a competitor of Defendants damaged by Defendants' wrongful acts.

55.     Defendants should be required to restore any and all profits earned as a result of their unlawful and unfair actions.

56.     Defendants will persist in his unlawful, unfair and/or fraudulent conduct and cause Plaintiff irreparable harm for which there is no adequate legal remedy unless and until enjoined by this Court

57.     Plaintiff is entitled under California Business and Professions Code § 17203 to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of California's Unfair Competition Law.

58.     Plaintiff is further entitled to recover from Defendants the profits wrongfully gained by Defendants in violation of California's Unfair Competition Law.

/ / /

/ / /

/ / /

/ / /

/ / /

{00045411.DOC;2}                                    10

1

2

3

4

**<u>Seventh Cause of Action</u>**

**<u>TRADEMARK DILUTION AND INJURY TO BUSINESS</u>**

**<u>REPUTATION UNDER CALIFORNIA LAW</u>**

**<u>(Business and Professions Code § 14202)</u>**

5         59.     Plaintiff repeats and realleges each and every allegation contained in

6   paragraphs 1 through 31, 33 through 34, 35 through 38, 39 through 44,  45 through 48, 49

7   through 51, and 52 through 58 as though fully set forth herein.

8         60.     Defendants have injured and will continue to injure Plaintiff's business

9   reputation and create a blurring and tarnishing of Plaintiff's Aether Trademarks where

10  Plaintiff has no control over Defendants. Accordingly, Defendants are diluting and are

11  likely to continue diluting Plaintiff's distinctive Aether Trademarks, as follows:

12       (a)     Defendants' unauthorized use of Plaintiff's Aether Trademarks is diluting

13       and is likely to continue to dilute Plaintiff's valuable and distinctive Aether

14       Trademarks by blurring the distinctiveness thereof and tarnishing Plaintiff's Aether

15       Trademarks. Such unauthorized usage is likely to cause injury to Plaintiff's business

16       reputation and/or dilute the distinctive quality of Plaintiff's Aether Trademarks in

17       violation of California Business and Professions Code § 14202.

18       (b)     Defendants' unauthorized use of Plaintiff's Aether Trademarks on the

19       Internet is diluting and is likely to continue to dilute Plaintiff's valuable and

20       distinctive Aether Trademarks by blurring the distinctiveness thereof and tarnishing

21       Plaintiff's Aether Trademarks. Such unauthorized usage is likely to cause injury to

22       Plaintiff's business reputation and/or dilute the distinctive quality of Plaintiff's

23       Aether Trademarks in violation of California Business and Professions Code §

24       14202.

25        61.     By reason of the foregoing, Plaintiff is being irreparably harmed and will

26  continue to be irreparably harmed unless Defendants are enjoined from using Plaintiff's

27  Aether Trademarks, which use is diluting the distinctive quality of Plaintiff's Aether

28  Trademarks.

{00045411.DOC;2}

**WHEREFORE, Plaintiffs pray that the Court enter judgment:**

      A.      Granting a temporary restraining order, preliminary injunction and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

      (i) directly or indirectly selling, offering for sale, marketing, advertising, promoting or otherwise using the Aether trademark, or any mark that is confusingly similar thereto and is likely to cause consumer confusion, mistake and/or deception with respect to the Aether trademark; and,

      (ii) doing any other acts that are intended to or will be likely to deceive consumers or the trade into falsely believing that there is an affiliation or relationship between Plaintiffs and Defendants or between Plaintiffs and any goods or services other than their genuine goods and services.

      B.      Directing Defendants to use their best efforts to recall from the trade, including any and all distributors, wholesalers, dealers, retailers and all other third parties, any and all infringing products bearing the Aether trademark and/or any and all products bearing any other mark that is confusingly similar to the Aether Trademarks, along with all marketing, advertising, promotional and sales materials used in connection with the Aether products and/or in the performance of Defendants' business.

      C.      Directing Defendants to deliver to Plaintiffs for destruction all goods and marketing, advertising materials and other promotional materials possessed, used or distributed or available for sale by Defendants, or on their behalf, which refer to or relate to the Aether  trademark.

      D.      Directing Defendants to file with the Court and serve on counsel for Plaintiffs, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which the Defendants have complied with the injunction.

      E.      Directing Defendants, jointly and severally, to account for all gains, profits

and advantages derived from the acts of infringement, false designation, passing off and unfair competition and for their other violations of law.

F.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs all profits realized by Defendants by reason of the unlawful acts by Defendants as set forth in this Complaint, pursuant to 15 U.S.C. §1117.

G.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs all damages suffered by Plaintiffs by reason of the unlawful acts by Defendants as set forth in this Complaint, pursuant to 15 U.S.C. §1117.

H.      Directing that Defendants, jointly and severally, be ordered to pay treble damages to Plaintiffs on account of the defendants' willful, intentional and bad faith conduct pursuant to 15 U.S.C. §1117.

I.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs statutory damages in an amount proven as may be proven at trial as a result of Defendants' acts of counterfeiting.

J.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs compensatory damages in an amount as may be proven at trial as a result of Defendants' violations of state law and the common law.

K.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs punitive and exemplary damages as provided by law.

L.      Directing that Defendants, jointly and severally, be ordered to pay to Plaintiffs its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. §1117.

M.      Directing that Defendants relinquish all rights in the Internet domain names "www.aetherbeauty.co" and transfer the Internet domain names to Plaintiff, pursuant to 15 U.S.C. § 1125(d)(1)(C);

N.      Awarding Plaintiffs pre-judgment and post-judgment interest to the maximum extent provided by law.

/ / /

1        O.    Awarding Plaintiffs such other and further relief as the Court may deem just

2    and proper.

3

4    Dated: April 20, 2016          **WEINTRAUB TOBIN CHEDIAK**
                                       **COLEMAN GRODIN**

5                                           Law Corporation

6

7                                           By: _____/s/_____

8                                           Marvin Gelfand, State Bar No. 53586
                                       Attorneys for Plaintiff, Aether, LLC

9

10   Plaintiff hereby demands a trial by jury.

11

12   Dated: April 20, 2016          **WEINTRAUB TOBIN CHEDIAK**
                                           **COLEMAN GRODIN**

13                                          Law Corporation

14

15                                          By: _____/s/_____

16                                          Marvin Gelfand, State Bar No. 53586
                                       Attorneys for Plaintiff, Aether, LLC

17

18

19

20

21

22

23

24

25

26

27

28